WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Donimic T. Brooks, | No.  CV 13-330-PHX-RCB (BSB) |
| Plaintiff, | |
| vs. | **O R D E R** |
| Correctional Corporation of America, et al., | |
| Defendants. | |

On February 14, 2013, Plaintiff Donimic T. Brooks, who is confined in the Corrections Corporation of America's Saguaro Correctional Center in Eloy, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1), a Declaration in Support of Request to Proceed Without Paying Filing Fee ("First Application to Proceed"), a Memorandum in Support, and a Declaration In Lieu of Evidence.   On February 28, 2013, he filed an Application to Proceed *In Forma Pauperis* by a Prisoner ("Second Application to Proceed") and a Motion for Appointment of Counsel (Doc. 7).

In an April 25, 2013 Order, the Court denied the two deficient Applications to Proceed and gave Plaintiff 30 days to either pay the fee or file a complete Application to Proceed.   On May 17, 2013, Plaintiff filed another Application to Proceed *In Forma Pauperis* (Doc. 9).   The Court will grant the Application to Proceed, will dismiss the Complaint with leave to amend, and will deny without prejudice the Motion for Appointment of Counsel.

JDDL-K

1

2     **I.      May 17 Application to Proceed *In Forma Pauperis* and Filing Fee**

3            Plaintiff's May 17 Application to Proceed *In Forma Pauperis* will be granted.  28

4     U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C.

5     § 1915(b)(1).  The Court will assess an initial partial filing fee of $4.12.  The remainder

6     of the fee will be collected monthly in payments of 20% of the previous month's income

7     each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court

8     will enter a separate Order requiring the appropriate government agency to collect and

9     forward the fees according to the statutory formula.

10    **II.     Statutory Screening of Prisoner Complaints**

11           The Court is required to screen complaints brought by prisoners seeking relief

12    against a governmental entity or an officer or an employee of a governmental entity.  28

13    U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

14    has raised claims that are legally frivolous or malicious, that fail to state a claim upon

15    which relief may be granted, or that seek monetary relief from a defendant who is

16    immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

17           A pleading must contain a "short and plain statement of the claim *showing* that the

18    pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8

19    does not demand detailed factual allegations, "it demands more than an unadorned, the-

20    defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

21    (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

22    conclusory statements, do not suffice."  *Id.*

23           "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

24    claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

25    550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual

26    content that allows the court to draw the reasonable inference that the defendant is liable

27    for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible

28    claim for relief [is] . . . a context-specific task that requires the reviewing court to draw

1   on its judicial experience and common sense." *Id.* at 679.  Thus, although a plaintiff's

2   specific factual allegations may be consistent with a constitutional claim, a court must

3   assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.*

4   at 681.

5          But as the United States Court of Appeals for the Ninth Circuit has instructed,

6   courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338,

7   342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less

8   stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v.*

9   *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

10          If the Court determines that a pleading could be cured by the allegation of other

11   facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal

12   of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The

13   Court should not, however, advise the litigant how to cure the defects.  This type of

14   advice "would undermine district judges' role as impartial decisionmakers."  *Pliler v.*

15   *Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to

16   decide whether the court was required to inform a litigant of deficiencies).  The Court

17   will dismiss Plaintiff's Complaint for failure to state a claim, but because the Complaint

18   may possibly be saved by amendment, will dismiss the Complaint with leave to amend.

19   **III.   Complaint**

20          In his three-count Complaint, Plaintiff sues the following Defendants: Corrections

21   Corporation of America (CCA), Unit Manager M. Olsen, Head Warden Todd Thomas,

22   Assistant Warden Benjamin Griego, and Contract Manager Scott Jinbo.

23          In Count One, Plaintiff alleges that Defendant Olsen abused her authority, in

24   violation of his First, Fifth, Eighth, and Fourteenth Amendment rights, by placing

25   Plaintiff in segregation because he exercised his right to free speech.  Plaintiff asserts that

26   on his way back into his pod, prison officials told him to "lock down."  Plaintiff claims

27   he asked why the pod was being locked down and he was told that he did not need to

28   know.  He alleges that he commented that he would grieve the issue and, without yelling,

went back to his cell.  Plaintiff asserts that he did not fail to follow any order that had been given to him.  Plaintiff claims that later the same day, he was placed in segregation and he was charged with "failure to follow" and "insurrection."  He claims that he has "appealed, grievanced, requested, and even wrote to Hawaii's Department of Public Safety for relief," but all his attempts were denied and he was told the issue was not an issue about which he could grieve.

In Count Two, Plaintiff alleges a violation of his Fifth, Eighth, and Fourteenth Amendment rights relating to disciplinary proceedings because Defendant Olsen placed Plaintiff in punitive segregation for 52 days.  In Count Three, Plaintiff asserts that his First, Fifth, Eighth, and Fourteenth Amendment rights were violated.  He claims "[a]ll Defendants in due part are liable for the violation of the Plaintiff's constitutional rights when they denied his request-appeal-grievance for relief from action[]s taken on him by [Defendant] Olsen."

In his Request for Relief, Plaintiff seeks monetary damages and injunctive relief.

**IV.   Failure to State a Claim**

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  *Id*.

**A.     Defendant CCA**

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).   There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability.  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067

1   (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  "Because vicarious

2   liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each

3   Government-official defendant, through the official's own individual actions, has

4   violated the Constitution."  *Iqbal*, 556 U.S. at 676.

5          To state a claim under § 1983 against a private entity performing a traditional

6   public function such as operating a prison, a plaintiff must allege facts to support that his

7   constitutional rights were violated as a result of a policy, decision, or custom

8   promulgated or endorsed by the private entity.  *See Buckner v. Toro*, 116 F.3d 450, 452

9   (11th Cir. 1997).  Plaintiff has not alleged that his constitutional rights were violated as a

10  result of a policy, custom, or decision of Defendant CCA.  Thus, the Court will dismiss

11  without prejudice Defendant CCA.

12         **B.     Count One**

13         It appears Plaintiff is alleging that Defendant Olsen retaliated against him by

14  issuing disciplinary charges and placing him in segregation because he threatened to

15  grieve the issue of his pod being placed in lockdown status.  A viable claim of First

16  Amendment retaliation contains five basic elements: (1) an assertion that a state actor

17  took some adverse action against an inmate (2) because of (3) that prisoner's protected

18  conduct, and that such action (4) chilled the inmate's exercise of his First Amendment

19  rights (or that the inmate suffered more than minimal harm) and (5) did not reasonably

20  advance a legitimate correctional goal.  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th

21  Cir. 2005); *see also Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claim

22  requires an inmate to show (1) that the prison official acted in retaliation for the exercise

23  of a constitutionally protected right, and (2) that the action "advanced no legitimate

24  penological interest").  The plaintiff has the burden of demonstrating that his exercise of

25  his First Amendment rights was a substantial or motivating factor behind the defendants'

26  conduct.  *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977);

27  *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989).

28

"The nature of a retaliation claim requires that it be 'regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions.'"  *Canell v. Multnomah County*, 141 F. Supp. 2d 1046, 1059 (D. Or. 2001) (quoting *Adams v. Rice,* 40 F.3d 72, 74 (4th Cir. 1994)).  Plaintiff does not allege that Defendant Olsen's actions did not reasonably advance a legitimate penological goal.  In addition, "maintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." *Bell v. Wolfish*, 441 U.S. 520, 546 (1979).

Although Plaintiff appears to contend that he did nothing wrong to justify this disciplinary charges, he has attached as an exhibit to his Declaration in Lieu of Evidence the disciplinary report that charged him with insurrection and "failure to follow."  In the disciplinary report, Plaintiff is charged with the two violations because he allegedly yelled, "I want a grievance[,] this is bullshit," in front of 20 other inmates and, when Defendant Olsen told Plaintiff that he could file a grievance but needed to go to his cell and stop yelling, Plaintiff allegedly walked into the unit hallway and again yelled, in front of 20 other inmates, "This is bullshit, we are tired of being mass punished."  It therefore appears that there was a legitimate penological interest in disciplining him for his actions.  His conduct, not his statement that he wanted to file a grievance, appears to have been the motivating factor behind charging him with the disciplinary violations.

Because Plaintiff's allegations do not support a claim of retaliation, the Court will dismiss without prejudice Count One.

## C.    Count Two

In analyzing a due process claim, the Court must first decide whether Plaintiff was entitled to any process, and if so, whether he was denied any constitutionally required procedural safeguard.  Liberty interests that entitle an inmate to due process are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its

own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (internal citations omitted).

To determine whether an inmate is entitled to the procedural protections afforded by the Due Process Clause, the Court must look to the particular restrictions imposed and ask whether they "'present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest.'"  *Mujahid v. Meyer*, 59 F.3d 931, 932 (9th Cir. 1995) (quoting *Sandin*, 515 U.S. at 486).  "Atypicality" requires not merely an empirical comparison, but turns on the importance of the right taken away from the prisoner.  *See Carlo v. City of Chino*, 105 F.3d 493, 499 (9th Cir. 1997).  To determine whether the sanctions are atypical and a significant hardship, courts look to the prisoner's conditions of confinement, the duration of the sanction, and whether the sanction will affect the duration of the prisoner's sentence.  *See Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996).

Plaintiff has not described the conditions of his confinement in punitive segregation or discussed whether being placed in punitive segregation affected the duration of his confinement.  Simply being placed in punitive segregation for 52 days, in itself, is not an atypical and significant hardship and does not entitle Plaintiff to any due process procedural protections.  *See Sandin*, 515 U.S. at 475-76, 487 (30 days' disciplinary segregation is not atypical and significant); *Smith v. Mensinger*, 293 F.3d 641, 654 (3rd Cir. 2002) (seven months of disciplinary confinement "does not, on its own, violate a protected liberty interest"); *Jones v. Baker*, 155 F.3d 810 (6th Cir. 1998) (two and one-half years' administrative segregation is not atypical and significant); *Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985) (prison authorities may change a prisoner's "place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another" without violating a prisoner's due process rights); *Lucero v. Russell*, 741 F.2d 1129 (9th Cir. 1984)

(administrative transfer to maximum security without a hearing does not infringe on any protected liberty interest).

Even if Plaintiff had been subjected to an atypical and significant hardship, procedural due process safeguards in a prison disciplinary hearing require that the defendant receive: (1) written notice of the charges, no less than twenty-four hours prior to the hearing; (2) a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action and (3) a limited right to call witnesses and present documentary evidence when it would not be unduly hazardous to institutional safety or correctional goals to allow the defendant to do so. *Wolff v. McDonnell*, 418 U.S. 539, 565-66 (1974). Plaintiff does not claim that was denied any of these procedural safeguards.

Thus, the Court will dismiss without prejudice Count Two.

### D.  Count Three

In Count Three, Plaintiff asserts that "[a]ll Defendants in due part are liable for the violation of the Plaintiff's constitutional rights when they denied his request-appeal-grievance for relief from action[]s taken on him by [Defendant] Olsen." This allegation does not state a claim. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (defendants did not commit constitutional violations when they denied administrative grievances, failed to intervene on plaintiff's behalf, and failed to remedy allegedly unconstitutional behavior). Thus, the Court will dismiss without prejudice Count Three.

## V.  Leave to Amend

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

JDDL-K

1    Plaintiff must clearly designate on the face of the document that it is the "First

2   Amended Complaint."  The first amended complaint must be retyped or rewritten in its

3   entirety on the court-approved form and may not incorporate any part of the original

4   Complaint by reference.  Plaintiff may include only one claim per count.

5    A first amended complaint supersedes the original complaint.  *Ferdik v. Bonzelet*,

6   963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896

7   F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original

8   complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised

9   in the original complaint is waived if it is not raised in a first amended complaint.  *King v.*

10   *Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

11   **VI.   Motion for Appointment of Counsel**

12    There is no constitutional right to the appointment of counsel in a civil case.  *See*

13   *Ivey*, 673 F.2d at 269.   In proceedings *in forma pauperis*, the court may request an

14   attorney to represent any person unable to afford one.   28 U.S.C.  § 1915(e)(1).

15   Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional

16   circumstances" are present.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  A

17   determination with respect to exceptional circumstances requires an evaluation of the

18   likelihood of success on the merits as well as the ability of Plaintiff to articulate his

19   claims *pro se* in light of the complexity of the legal issue involved.  *Id.*  "Neither of these

20   factors is dispositive and both must be viewed together before reaching a decision."  *Id.*

21   (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

22    Having considered both elements, it does not appear at this time that exceptional

23   circumstances are present that would require the appointment of counsel in this case.

24   Plaintiff is in no different position than many *pro se* prisoner litigants.  Thus, the Court

25   will deny without prejudice Plaintiff's Motion for Appointment of Counsel.

26   . . .

27

28

JDDL-K

- 9 -

**VII.    Warnings**

       **A.    Release**

       Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

       **B.    Address Changes**

       Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

       **C.    Copies**

       Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

       **D.    Possible "Strike"**

       Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

       **E.    Possible Dismissal**

       If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963

F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

.I**T IS ORDERED:**

(1)    Plaintiff's May 17, 2013 Application to Proceed *In Forma Pauperis* (Doc. 9) is **granted**.

(2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $4.12.

(3)    Plaintiff's Motion for Appointment of Counsel (Doc. 7) is **denied without prejudice**.

(4)    The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(5)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(6)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 4th day of September, 2013.

_____
Robert C. Broomfield
Senior United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  Change of Address.  You must immediately notify the Court and the defendants in writing of any change in your mailing address. **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  Certificate of Service.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  See Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>        Attorney for Defendant(s)
>
> _____
> (Signature)

9.  Amended Complaint.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  See Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  Exhibits.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  Letters and Motions.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

4

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,  )
(Full Name of Plaintiff)              )
                        Plaintiff,   )
                             )
                    vs.      )   **CASE NO.** _____
                             )        (To be supplied by the Clerk)
(1)_____ , )
(Full Name of Defendant)             )
(2)_____ , )
                             )   **CIVIL RIGHTS COMPLAINT**
(3)_____ , )   **BY A PRISONER**
                             )
(4)_____ , )   ☐ Original Complaint
                        Defendant(s).    )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.   )   ☐ Second Amended Complaint

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
     ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
     ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
     ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.   Name of first Defendant: _____.  The first Defendant is employed as:
_____at_____.
               (Position and Title)                                (Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as:
_____at_____.
               (Position and Title)                                (Institution)

3.   Name of third Defendant: _____.  The third Defendant is employed as:
_____at_____.
               (Position and Title)                                (Institution)

4.   Name of fourth Defendant: _____.  The fourth Defendant is employed as:
_____at_____.
               (Position and Title)                                (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.   If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.  Second prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.  Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail              ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.    **Administrative Remedies:**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                   ☐ Yes    ☐ No
b.    Did you submit a request for administrative relief on Count I?                         ☐ Yes    ☐ No
c.    Did you appeal your request for relief on Count I to the highest level?              ☐ Yes    ☐ No
d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
☐ Basic necessities     ☐ Mail     ☐ Access to the court     ☐ Medical care
☐ Disciplinary proceedings     ☐ Property     ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?     ☐ Yes    ☐ No
    b.   Did you submit a request for administrative relief on Count II?     ☐ Yes    ☐ No
    c.   Did you appeal your request for relief on Count II to the highest level?     ☐ Yes    ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion        ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count III?        ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?   ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____        _____
                          DATE                          SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.